UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:17-cv-80600

CARL BRUNOT,

    Plaintiff,

vs.

BENNETT AUTO SUPPLY,
INC. a Florida for-profit corporation,

    Defendant.
_____/

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff CARL BRUNOT through undersigned counsel, sue Defendant BENNETT AUTO SUPPLY, INC., a Florida for-profit corporation, and allege as follows:

1. This is an action for unlawful failure to pay overtime compensation as required by the federal Fair Labor Standards Act, 29 U.S.C. §207(a) ("FLSA"), and its implementing regulations.

2. This Court has jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. §1331, and the provisions of the FLSA, 29 U.S.C. §216(b).

3. Venue is proper in this Court as all actions complained of herein occurred in the Southern District of Florida.

4. Plaintiff at all relevant times was, and still is, a resident of Palm Beach County, Florida, and are *sui juris*.

5. Defendant is, and at all relevant times was, a Florida for-profit corporation authorized to do business, and doing business in Palm Beach County, Florida. Defendant is, and

at all relevant times was, a seller of automotive supplies and accessories that used, purchased, and sold materials and goods in interstate commerce, and had annual gross revenues in excess of $500,000.00.

6. At all relevant times, Defendant was and still is an "employer" under the FLSA for purposes of enterprise coverage in that it was an enterprise that had two or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, and had gross annual revenues of not less than $500,000.00.

7. At all times during his employment with Defendant, Plaintiff was a non-exempt employee at Defendant's Delray Beach, Florida store who regularly worked over 40 hours in one or more work weeks. Although Plaintiff was given the job title of General Manager of the store, and was paid a regular annual salary of $44,200.00 until October 1, 2015, and from October 21, 2015 until his resignation on April 7, 2017 an annual salary of $50,200.00 due to an added $500.00 per month bonus, he regularly and for more than 80% of his working time performed no managerial functions, but instead performed various non-exempt duties instrumental to the business, such as making sales to customers in person and over the phone, stocking and unpacking items, cleaning the store, and filling out routine sales paperwork. In addition, Plaintiff had no authority or say in the termination of any employees of the store, had little to no say in the hiring of any new employees, and had little to no say in disciplining employees, as any and all such decisions were under the tight and dominating control and authority of the District Manager, Mario Acosta, the Area Director, Ron Tomich, and Defendant's Human Resources department located in Pompano, Florida. Moreover, for an approximate two-month period in May and June of 2016, Plaintiff, at his request and with the agreement of Acosta and Tomich,

was relieved of his limited and restricted managerial duties and responsibilities, and operated solely as a salesperson in the store.  Plaintiff was subsequently returned to the General Manager position at the insistence of Acosta and Tomich, but continued to perform for the large majority of his time – 80% or more -- the non-exempt sales, stocking, and other managerial duties.

8. Plaintiff was employed by Defendants from in or about March 2013 until on or about April 7, 2017.  Plaintiff was paid an annual salary of $44,200.00, or $850.00 per week, until October 21, 2015, when his salary was increased to $50,200.00 per year, or $965.39 per week, due to a $500.00 per month "bonus".  Plaintiff was paid the salary based on an understanding that he would be required to work at least 58 hours each work week, with the exception of the May and June 2016 two-month period when he was relieved of all managerial duties, and was required to work at least 45 hours per work week. Notwithstanding this understanding of the number of hours Plaintiff would be required to work each work week for the salary he would receive, Plaintiff regularly had to work 60 to 70 hours each work week.

9. Thus, throughout his employment, Plaintiff regularly was required to work more than 40 hours in one or more of the work weeks he worked.  As Plaintiff was at all times a non-exempt employee entitled to receive overtime compensation of one and one-half times his regular hourly rate of pay for every overtime hour he worked, Plaintiff was paid only straight time, and not the extra half-time, for every week he worked 58 hours (and every week he worked 45 hours in May and June 2016).  For those weeks prior to October 21, 2015, when he would only be required to work 58 hours, his regular hourly rate was $14.66, with an overtime half-time rate of $7.33 per hour for all overtime hours up to 18 hours, and an overtime time and one-half rate of $21.99 for every overtime hour over 18 hours.  For the period from October 21, 2015 until his resignation on April 7, 2017, for those weeks when Plaintiff would work 58 or more

hours, his regular hourly rate was $16.65, with an overtime half-time rate of $8.325 for all overtime hours up to 18, and an overtime time and one-half rate of $24.975 for every overtime hour over 18 hours. For the approximate eight weeks in May and June 2016 when Plaintiff would only work 45 hours each work week, his regular hourly rate would be $21.45, with an overtime half-time rate of $10.725 per hour. Plaintiff estimates that over the three-year period preceding the filing of this lawsuit, his unpaid overtime worked was as follows:

a) Until October 21, 2015, approximately 73 weeks where he was not paid the extra half-time hourly rate of $7.33 per overtime hour for 18 hours of overtime each work week, equal to approximately $9,631.62.

b) Until October 21, 2015, approximately 30 weeks where he was not paid the extra time and one-half hourly rate of $21.99 where on average he worked an approximate extra 5 uncompensated overtime hours each week, equal to $3,298.50.

c) From October 22, 2015 through April 7, 2017, approximately 66 weeks where he was not paid the extra half-time hourly rate of $8.325 per overtime hour for 18 hours of overtime each work week, equal to approximately $9,890.10.

d) From October 22, 2015 through April 7, 2017, approximately 33 weeks where he was not paid the extra time and one-half hourly rate of $24.975 where on average he worked an approximate extra 5 uncompensated overtime hours each week, equal to $4,120.88.

e) For the approximate eight week in the months of May and June 2016 when he was not paid the extra half-time rate of $10.725 per overtime hours of 5 hours overtime each week, equal to $429.00.

10. While Plaintiff kept some of his pay records, the complete records of the compensation actually paid to Plaintiff and the hours he worked on a daily and weekly basis are

4

currently in the possession, custody, and control of Defendant. Upon information and belief, however, Defendant has failed to keep and maintain all the required records of hours worked and wages paid per the record-keeping requirements of the FLSA.

11. All conditions precedent to the filing of this action have been satisfied, waived, or otherwise excused.

12. Plaintiff has hired the undersigned law firm to represent him in this case and has agreed to pay the firm a reasonable fee for its services.

## COUNT I – UNPAID OVERTIME VIOLATION OF FLSA

13. Plaintiff re-alleges paragraphs 1 through 12 as if set forth fully herein.

14. Under the FLSA, Defendant was obligated to pay Plaintiff time and one-half of his regular hourly pay rate for all hours worked in excess of 40 hours per work week. Plaintiff worked in excess of 40 hours per work week in one or more weeks, but was not paid the extra half his regular hourly rates for any of the overtime hours he worked above 40 and to 58 -- and above 40 and to 45 for the months of May and June 2016 -- as required by the FLSA. In addition, Plaintiff was not paid the extra time and one-half his regular hourly rates for all hours worked in a work week above 58 hours, as required by the FLSA.

15. Defendant has failed and refused to pay Plaintiff the required extra one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours to 58 hours per work week, in violation of the FLSA overtime requirements of 29 U.S.C. §207(a). In addition, Defendant has failed and refused to pay Plaintiff the required extra one-half his regular hourly rate for each work week in which he worked overtime hours in excess of 40 hours to 45 hours per work week in the months of May and June 2016, in violation of the FLSA overtime requirements. Furthermore, Defendant has failed and refused to pay Plaintiff the

5

required extra time and one-half his regular hourly rate for each overtime hour over 58 in those work weeks in which he worked overtime hours in excess of 58 hours per work week, in violation of the FLSA overtime requirements.

16. As a direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages equal to the unpaid overtime for all hours worked in excess of 40 hours per work week, or approximately $18,469.10, plus double that amount in liquidated damages as provided by the FLSA. Plaintiff's estimates of the unpaid overtime are alleged in paragraphs 8 and 9 above.

17. Defendant engaged in its overtime pay violations under the FLSA willfully, intentionally, and in reckless disregard of Plaintiff's rights under the law.

18. Plaintiff is also entitled to recover his costs, expenses, and reasonable attorney's fees under the FLSA.

19. At all relevant times, Defendant was aware that the majority of Plaintiff's work, as well as its other store managers' work, was non-exempt, non-managerial sales work for which they were required to be paid time and one-half their regular hourly rate for all hours worked in excess of 40 in a work week. Defendant was also fully aware that the FLSA imposed certain record keeping requirements on them with regard to keeping track of the time each employee, including Plaintiff, worked each work day and each work week. Despite this knowledge, Defendant failed to comply with their FLSA record keeping obligations, and failed to pay Plaintiff the full amount of the required overtime premiums as required by the FLSA. Defendant thus acted willfully in its failure and refusal to pay Plaintiff fully for the overtime he worked, entitling Plaintiff to recover his unpaid overtime for a period of three (3) years preceding the filing of this lawsuit, and to recover also full liquidated damages as provided by the FLSA.

WHEREFORE, Plaintiff demands judgment against Defendant for the following relief:

1. A declaration that Defendant is in willful violation of the FLSA by failing to pay Plaintiff all due overtime compensation for a period covering three (3) years preceding the filing of this lawsuit;
2. An award to Plaintiff of all unpaid overtime as required under the FLSA,
3. An award to Plaintiff of liquidated damages equal in amount to the unpaid overtime award,
4. An award to Plaintiff of all costs, expenses, and reasonable attorney's fees incurred in this case, and
5. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury of all issues so triable.

DATED: May 10, 2017.

        RODERICK V. HANNAH, ESQ., P.A.
        Attorneys for Plaintiff
        8751 W. Broward Blvd., Ste. 303
        Plantation, Florida 33324
        Telephone: (954) 362-3800
        Facsimile: (954) 362-3779
        Email: rhannah@rhannahlaw.com

        By  /s/ *Roderick V. Hannah*
            Roderick V. Hannah
            Fla. Bar No. 435384